Whaley, Chief Justice,
delivered the opinion of the court:
In this suit recovery is sought for expenditures for travel, subsistence in lieu of per diem, and for per diem allowances in lieu of subsistence by a former employee of the United States Veterans Administration.
Herbert F. Wascher, for whose benefit this suit is brought and who for convenience will be referred to as “plaintiff,” was employed as a training assistant by the United States Veterans Administration (then known as the Veterans Bureau) at Chicago, Illinois, from September 20,1921, to and including August 21, 1928. During that period his duties required him to travel from the Chicago office to various points within the territory covered by that regional office of that Government Agency, for which some 158 travel orders were duly issued to him. These orders provided that while he was away from his station he would be paid the usual and necessary transportation expenses and expenses actually incurred for subsistence, not to exceed $5 a day. The travel regulations then in effect provided for a per diem allowance of $5 where the expenses incurred for subsistence were itemized, and an allowance of $4 a day without an itemization.
Plaintiff made the trips authorized by the travel orders, but submitted no claim for transportation or subsistence *753 expenses until September 9, 1931, which was more than six years after the last travel had been performed in 1923. At that time the Veterans Administration advised plaintiff that - payment was not in order, since due to plaintiff’s delay in-submitting the vouchers, it was impossible for any official to-certify that the travel had been performed. The claim was-again submitted on July 17, 1941, but in the meantime whatever vouchers had been submitted by plaintiff had been, destroyed by the Veterans Administration under its regulations permitting the destruction of inactive records, and the Veterans Administration forwarded the claim to the Comptroller General with a recommendation for its disapproval, which recommendation was followed by that office. This suit was instituted April 23,1943.
The Government defends on the ground that the action was not timely instituted, and is now barred by the statute of limitations under Title 28, TJ. S. C. A., Section 262, which, provides so far as material as follows:
Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the-petition setting forth a statement thereof is filed in the-court * * * within six years after the claim-first accrues. The claims of * * * insane persons- * * * shall not be barred if the petition be filed in, the court * * * within three years after the disability has ceased; * * *.
The defense as to the six-year period of limitations is, off course, good for the reason that all of the travel on account of which the claim accrued occurred prior to August 21,1923,. when plaintiff resigned from the Veterans’ Administration,, and the claim was first presented to that agency on Septem-i ber 9, 1931, some eight years after the claim accrued. Thai period of limitations had also run prior to the appointméiií in 1932 of a conservator for plaintiff. The only question-remaining is whether plaintiff is saved from that pro by reason of insanity during the period when the5 should have been filed.
While no brief was filed on behalf of plaintiff, it’isffi_0_ in the petition that “prior to the time that the;IJrfght/<t8-receive reimbursements for the said travel exphnl'e '^KiWi Jj aim! üQBjm *754 accrued under the said official travel orders issued to Herbert F. Wascher, the said Herbert F. Wascher became insane and incompetent, and ever since has been, and now is insane and incompetent,” and that therefore this suit is timely. The burden of proving insanity is on the person alleging it— in this case on the plaintiff. It is presumed in law that all men are sane, and that presumption continues until a finding is made to the contrary. The appointment of a conservator for the person and property of plaintiff, by a court of competent jurisdiction in the state in which he resided, did not occur until 1932, which was after the six-year period of limitations had run, and we have no evidence of any prior finding or adjudication of insanity or incompetence. In addition, the evidence presented by plaintiff falls far short of the burden imposed on him of showing that he was not sane or competent during the period from 1923 to 1931, when he first presented his claim to the Veterans’ Administration. Apparently his physical and mental condition was not substantially different during the period when he was employed by the Veterans’ Administration from what it was after he left that agency. Prior to his resignation, he was examined by a neuropsychiatric specialist for that bureau, who testified in this proceeding that while plaintiff was suffering from psychoneurosis, he did not consider him insane or incompetent. After plaintiff left the Administration, he was ■examined on some six or seven different occasions from 1924 to 1930 by specialists in nervous diseases for the Administration, and these physicians all testified that plaintiff was not insane or incompetent. During the greater part of the .period from January 1925 to October 1930, plaintiff was ■gainfully employed. The allegation of insanity and incompetence is therefore not sustained.
In reaching that conclusion, we are not unmindful of the moral claim which exists by reason of the fact that plaintiff made expenditures in the performance of his official duties for which, but for the statute of limitations, he is entitled to ^reimbursement. Difficulty in determining that exact amount ;now should not prevent a present determination of at least ■a part of the claim with a fair degree of accuracy for the .-reason that the minimum subsistence allowance of $4 a day *755 was allowable without itemization. Some alleviating circumstances for failure to make a timely presentation of the claim may well be considered to exist by reason of plaintiff’s psychoneurotic condition, which apparently was a service-connected disability, but which, for reasons already stated, have not been shown to be sufficient to render him incompetent or insane.
While plaintiff was negligent in presenting his claim, that negligence must be shared by the Veterans’ Administration, which was well aware that these trips were being made over a period of some eighteen months prior to his resignation without the submission of any travel vouchers for transportation and subsistence expenses. However, the bar of the statute of limitations having fallen, we have no alternative under the statute but to dismiss the petition.
Reimbursement of plaintiff rests solely in the discretion of the Congress.
It accordingly follows that the petition must be dismissed. It is so ordered.
Maddest, Judge; Whitaker, Judge; and LittletoN, Judge, concur.
JoNes, Judge, took no part in the decision of this case.